IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carvell Rice,                          :
                    Appellant          :
                                       :
          v.                           :     No. 1676 C.D. 2016
                                       :     Submitted: March 24, 2017
S. Downs, Captain G. Gregavis,         :
Hearing Examiner S. Luquis,            :
J. Newberry, J. Weissinger,            :
S. Anyanwu and Superintendent          :
B. Tritt                               :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: July 12, 2017

          Carvell Rice, *pro se*, appeals an order of the Schuylkill County Court
of Common Pleas (trial court) that dismissed his civil rights complaint filed against
several employees of the Pennsylvania Department of Corrections, who worked at
SCI-Frackville (collectively, Department Employees).  On appeal, Rice contends
that the trial court erred in sustaining the demurrer of Department Employees
because his complaint does state a retaliation claim under federal case law
precedent.  For the reasons that follow, we affirm.

          On May 12, 2016, Rice filed a complaint under Section 1983 of Title
42 of the United States Code, 42 U.S.C. §1983,[1] alleging that Department

---

[1] Section 1983 states, in relevant part, as follows:

      Every person who, under color of any statute, ordinance, regulation, custom, or
      usage, of any State ... subjects, or causes to be subjected, any citizen of the United
      States or other person within the jurisdiction thereof to the deprivation of any

**(Footnote continued on the next page . . .)**

Employees retaliated against him for filing a grievance. Their acts of retaliation included confiscating his mail and issuing him a misconduct.

Rice's initial grievance was based upon a June 20, 2014, incident. After cleaning a cell block, Rice heard a corrections officer state, "[i]f I wanted to see that … I'd go home and watch 'Twelve Years A Slave.'" Complaint, ¶12. After filing this grievance on July 15, 2014, Rice was questioned about a letter he had written to a former inmate. In this interview, Security Captain Downs stated that "[y]ou cannot write or receive mail from … a former inmate … it's a violation of DC-ADM 803." *Id.* at ¶15. Security Captain Downs confiscated the letter.

The complaint also alleged that on July 18, 2014, Rice wrote a letter to his sister, which was opened and confiscated by Security Captain Downs. Complaint, ¶16. After Rice was issued a misconduct, he filed a grievance to challenge the opening and seizure of his outgoing correspondence, asserting that this conduct violated his First and Fourth Amendment rights, as well as Department policy. *Id.* at ¶21.

Finally, the complaint alleged that on May 5, 2015, he sent a Mother's Day card to his sister addressed to "6751 Linmore Ave[nue]." Complaint, ¶17. The card was returned. Rice noted that the house number on the envelope had been changed from "6751 Linmore Avenue" to "6757 Linmore Ave[nue]." *Id.* Believing that Security Captain Downs had changed the address on the envelope,

---

**(continued . . .)**

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983.

Rice filed another grievance alleging that his outgoing mail had been tampered with. *Id.* at ¶22.

The complaint asserted that Department Employees' actions violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Complaint, ¶36. Rice sought declaratory and injunctive relief as well as compensatory and punitive damages.

Department Employees filed preliminary objections to the complaint. They asserted that the complaint lacked specificity. They demurred to Rice's complaint for the stated reason that it constituted an improper appeal of his grievance and, in any case, stated neither a constitutional nor a retaliation claim.

In response, Rice filed a brief with the trial court stating that he did "not contest sustaining [preliminary] objections" to his constitutional claims under the First, Fourth and Fourteenth Amendments. C.R., Item No. 12, at 5-6. On retaliation, Rice's brief asserted that his complaint stated a claim under the principles established in *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). Finally, his brief rebutted the Department Employees' arguments on jurisdiction and specificity.

The trial court sustained Department Employees' preliminary objections and dismissed Rice's complaint. In its opinion, the trial court noted that Rice "concede[d] all preliminary objections in his response" except for retaliation and the specificity of the complaint. Trial Court Opinion, 9/19/2016, at 3. On retaliation, the trial court quoted *Yount v. Department of Corrections*, 966 A.2d 1115 (Pa. 2009), for the proposition that a retaliation claim requires that the "'inmate engaged in constitutionally protected conduct, prison officials took adverse action, and the protected conduct was a substantial or motivating factor for

the action.'" Trial Court Opinion, 9/19/2016, at 5. This means that an inmate must "establish by preponderance of the evidence he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals." *Id.* The trial court found that the complaint pled facts sufficient to meet the first, second, and third prongs of the test set forth in *Yount* but not the fourth prong. Rice's complaint did not plead that the adverse actions of Department Employees failed to advance a legitimate penological purpose. The trial court explained:

> [Rice] has not alleged that the prison officials did not have a legitimate penological interest in monitoring and confiscating his mail. He further admitted to corresponding with a former inmate, which is prohibited by prison regulations. [Rice] has not set forth any factual basis under which he can show that the monitoring of outgoing mail did not support a legitimate penological purpose.

Trial Court Opinion, 9/19/2016, at 8.[2] Rice then appealed to this Court.

On appeal, Rice raises two issues. First, he contends that the trial court erred because his complaint did state a claim for retaliation. Second, he contends that the trial court erred in holding that it was necessary for the complaint to allege that the conduct of the Department Employees did not further a legitimate penological goal. He contends that the conduct described in the complaint could not possibly advance a legitimate penological goal. Department Employees

---

[2] Because it sustained the demurrer to Rice's complaint, the trial court did not address the remaining preliminary objections of Department Employees.

4

respond that the complaint did not satisfy the fourth prong of *Yount*, 966 A.2d 1115.[3]

Where a complaint asserts that the inmate has suffered retaliation for exercising his constitutional rights, the complaint must allege that: (1) the inmate engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the protected conduct was a substantial or motivating factor for the retaliation; and (4) the retaliation did not further a legitimate penological interest. *Yount*, 966 A.2d at 1120-21. In this appeal, we consider only the fourth prong because the trial court held that Rice's complaint satisfied the first three prongs; Department Employees do not challenge this conclusion of the trial court.

Our Supreme Court has explained that an inmate must prove the absence of a legitimate penological interest because of the "'potential for abuse' in retaliation claims [and] prison officials 'legitimate interest in the effective management of a detention facility.'" *Yount*, 966 A.2d at 1120 (quoting *Abdul-Akbar v. Department of Corrections,* 910 F. Supp. 986, 1000–01 (D. Del. 1995)); *see also Richardson,* 74 A.3d at 357. Rice's complaint does not contain an allegation that Department Employees' actions did not further a legitimate penological goal. To the contrary, the complaint admits that when Rice attempted to send correspondence to a former inmate, he was informed that his correspondence violated the Department's policy. Indeed, Rice's trial court brief

---

[3] In a demurrer, the question is whether on the facts alleged, no recovery is possible. *Richardson v. Wetzel*, 74 A.3d 353, 356 (Pa. Cmwlth. 2013) (quoting *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009)). Accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016); *Richardson*, 74 A.3d at 356.

5

acknowledged that "prison administrators may circumscribe the parameters of inmate mail communications." C.R., Item No. 12, at 5. Nevertheless, Rice contends that the trial court's reliance on *Yount* was misplaced because his retaliation claim was brought under federal law. Therefore, the trial court should have applied the three-prong test set forth in *Rauser*, 241 F.3d 330 (3d Cir. 2001).

In *Rauser*, an inmate sued prison officials for retaliation after he attempted to exercise his First Amendment right to practice his religion. The Third Circuit set forth the rules for stating a retaliation claim. First, "a prisoner … in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Id.* at 333. Second, "a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." *Id.* Finally, the prisoner must prove "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Id.* Rice argues that because *Rauser* does not require proof that the retaliation did not further a legitimate penological interest, his complaint stated a claim for retaliation.

Pennsylvania courts are "not bound to follow the decisions of the Third Circuit on issues of federal law." *Jones v. Doe*, 126 A.3d 406, 409 (Pa. Cmwlth. 2015) (citing *Brown v. Department of Corrections*, 932 A.2d 316, 319 (Pa. Cmwlth. 2007)). By contrast, they must follow decisions of the Pennsylvania Supreme Court. *Lovrinoff v. Pennsylvania Turnpike Commission*, 281 A.2d 176, 177 (Pa. Cmwlth. 1971). In sum, *Yount*, not *Rauser*, is the law in Pennsylvania, and the trial court did not err in applying the four-prong test set forth therein. In the alternative, Rice asks this Court to reverse *Yount*. However, we "are powerless to rule that decisions of [the Supreme Court] are wrongly decided and should be

overturned." *Griffin v. Southeastern Pennsylvania Turnpike Authority*, 757 A.2d 448, 451 (Pa. Cmwlth. 2000).

Next, Rice contends that because Department Employees' actions against him could not possibly advance any legitimate penological goal, his complaint is adequate. Our Supreme Court has explained that

> inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens…. "[I]ncarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."

*Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998) (citations omitted). This Court has specifically recognized that inmates "do not have the right to correspond with another inmate, either directly or through a third party." *Rice v. Department of Corrections*, (Pa. Cmwlth., No. 169 M.D. 2015, filed January 5, 2016) (unreported), slip op. at 5.[4] In part, this is due to the Department having "legitimate penological interests in providing for the safety and security of their employees and in the administration and management of inmate mail." *Bussinger v. Department of Corrections,* 29 A.3d 79, 88 (Pa. Cmwlth. 2011), *affirmed*, 65 A.3d 289 (Pa. 2013). We cannot say, and Rice does not assert, that the confiscation of an inmate's mail for violation of the Department's policy,[5]

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

[5] The Department of Corrections has a policy, DC-ADM 803, regarding inmate mail and incoming publications. Regarding communications with former inmates, it states, in relevant part:

    3. An inmate may not:

**(Footnote continued on the next page . . .)**

and subsequent issuance of a misconduct, did not further a legitimate penological interest.

Finally, in the alternative, Rice requests approval to file an amended complaint to cure any defects in his original complaint. Rice Brief at 11. Pennsylvania Rule of Civil Procedure No. 1028(c)(1) states that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa. R.C.P. No. 1028(c)(1). Rice did not do so. Once the 20-day period in Rule 1028(c)(1) passes, "[a] party, either by filed consent of the adverse party or by leave of [trial] court, may at any time … amend the pleading." Pa. R.C.P. No. 1033(a). Rice does not contend that he sought consent from Department Employees or leave of court to amend his complaint. Only in his brief filed with this Court does Rice request approval to file an amended complaint. However, Rice's request was made outside the time period set forth in Rules 1028(c)(1) and 1033(a) and should, in any case, have been presented to the trial court. Accordingly, we will not consider Rice's untimely request.

For the above-stated reasons, we affirm the order of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

_____

**(continued . . .)**

> a. correspond with another inmate, former inmate, parolee, probationer, or co-defendant unless approval is given pursuant to this policy[.]

Department of Corrections, *Inmate Mail and Incoming Publications Procedures Manual*, Section 1, subsection A(3) (effective October 29, 2015), available at http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20 and%20Incoming%20Publications.pdf (last visited June 2, 2017).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carvell Rice,                          :
                 Appellant             :
                                       :
          v.                           :     No. 1676 C.D. 2016
                                       :
S. Downs, Captain G. Gregavis,         :
Hearing Examiner S. Luquis,            :
J. Newberry, J. Weissinger,            :
S. Anyanwu and Superintendent          :
B. Tritt                               :

# **O R D E R**

AND NOW, this 12th day of July, 2017, the order of the Schuylkill County Court of Common Pleas dated September 19, 2016, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge