IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward L. Filby, Elizabeth L. Davidson, :
              Appellants      :
                                 :
        v.                 :     No. 312 C.D. 2018
                                 :     SUBMITTED: September 14, 2018
Colebrookdale Township and Jeffery  :
Karver Individually and in his capacity  :
as Township Solicitor for Colebrookdale :
Township and Cindy Conrad        :
Individually and her capacity as      :
Township Manager for Colebrookdale  :
Township and David Viola Individually :
and in his capacity as Police Chief of  :
Colebrookdale Township and Allan   :
Stauffer Individually and in his capacity :
as Zoning Officer of Colebrookdale   :
Township and Paul Labe Individually  :
and in his capacity as Zoning Officer  :
of Colebrookdale Township c/o LTL   :
Consultants and David Pollock and   :
Dorothy Pollock and Michael Hanley  :
and Diane Hanley and Rick Rife and  :
Darla Rife and John Schrack and    :
Elizabeth Schrack and Russell Mohr  :
and Sally Mohr and Sherman Home  :
Improvement                   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: October 30, 2018

Edward L. Filby and Elizabeth L. Davidson (Appellants) appeal from the November 15, 2017 Order of the Court of Common Pleas of Berks County (Trial Court) sustaining the Preliminary Objections filed by Colebrookdale Township (Township),

Jeffery Karver, Cindy Conrad, David Viola, Allan Stauffer, and Paul Labe (together, Appellees) and dismissing Appellants' Complaint with prejudice.[1] We affirm the Trial Court's Order.

## Background

Appellants reside at 34 Elaine Drive in the Township (Property). Ms. Davidson owns the Property; Mr. Filby has resided with Ms. Davidson at the Property since October 2013. Compl. ¶¶ 1, 16. For the past several years, Appellants have been involved in a series of disputes with their neighbors. According to Appellants, their neighbors repeatedly complained to Township officials that items stored outside of their Property—including old trucks, a refrigerator, furniture, cabinets, carpets, and tools—were "junk." *Id.* ¶¶ 17, 19, 22, 25-28, 30, 33-34, 43. Appellants also averred that their neighbors complained about overgrown hedges on the Property. *Id.* ¶¶ 22-23.

As a result of these complaints, the Township issued zoning violations against Ms. Davidson as the Property's owner. The violations were based on Appellants' accumulation of excessive trash on the Property and their failure to obtain a zoning permit to maintain a junkyard on the Property. *Id.*, Exs. C, X.

On May 8, 2017, Appellants filed a *pro se* Complaint against Appellees, both individually and in their capacity as Township officials.[2] In Counts III, IV, VII, and VIII of the Complaint, Appellants asserted causes of action for "official oppression" against Mr. Viola, the Township Chief of Police; Ms. Conrad, the Township Manager;

---

[1] Although Appellants named the Township as a Defendant in the caption and body of the Complaint, *see* Compl. ¶ 2, they did not identify the Township as a Defendant in any of the specified causes of action therein, *see id.* Counts I-VIII.

[2] The Trial Court previously sustained Preliminary Objections filed by the other 12 Defendants identified in Appellants' Complaint and dismissed the causes of action asserted against those Defendants. Thus, we will address only the causes of action remaining against Appellees.

and Mr. Stauffer and Mr. Labe, two Township Zoning Officers. Appellants averred that:

- Mr. Viola failed to investigate allegations that others had vandalized and trespassed upon Appellants' Property and committed acts of violence upon them, Compl. ¶¶ 58-59; Appellants alleged that "a canvas door to the garage was torn off," an antique desk was vandalized, a neighbor accosted Mr. Filby, and "gunshots [were fired] into [Ms.] Davidson's garage," *id.* ¶¶ 22, 29-30, 59;

- Ms. Conrad showed a preference for Appellants' next-door neighbors, David and Dorothy Pollock, when Appellants complained that the Pollocks were operating an unlicensed day care center at their property, *id.* ¶¶ 63-65;

- Mr. Stauffer engaged in preferential treatment by criticizing the condition of Appellants' Property but not leveling similar criticisms about their neighbors' properties, particularly with respect to overgrown trees and "the massive amount of debris in the back of [the] Pollocks' property," *id.* ¶¶ 23, 84; and

- Mr. Labe relied on "staged" photos provided by the Pollocks that did not reflect the true condition of Appellants' Property, *id.* ¶¶ 87-88; Appellants alleged that the photos were "taken at specific times while [Appellants] were moving items in and out of [their] [P]roperty to prepare for renovations," *id.* ¶ 87; *see id.* at 17-22 & Ex. W.

In Count V of the Complaint, Appellants asserted causes of action for "official oppression" and "conflict of interest" against Mr. Karver, the Township Solicitor. Appellants averred that Mr. Karver's law partner, Craig Boyd, represented Mr. Filby in a mortgage foreclosure action and that Mr. Karver drafted Mr. Filby's father's will. *Id.* ¶¶ 69-70. Because Mr. Filby was dissatisfied with Mr. Boyd's representation, Mr.

3

Filby "sought other means to settle the mortgage foreclosure matter." *Id.* ¶ 70. Mr. "Filby believe[d] the prior history with [Mr.] Karver coupled with the experience with [Mr.] Karver's law firm amount to an unavoidable conflict of interest." *Id.* ¶ 71.

Appellants further averred that Mr. Karver and the Pollocks have a "personal" relationship, attend "the same house of worship," and "serve together o[n] committees" and, because of these connections, the Pollocks were permitted to run an unlicensed day care center at their property. *Id.* ¶¶ 72-73. Finally, Appellants averred that Mr. Karver told Ms. Davidson that she would not be allowed representation at the zoning violation hearing before a Magisterial District Judge (MDJ) and that if Mr. Filby vacated the Property, the fine imposed by the MDJ would be reduced. *Id.* ¶¶ 74-75.

On June 16, 2017, Appellees filed Preliminary Objections in the Nature of a Demurrer, asserting that Appellants' Complaint failed to state any cognizable cause of action against them. On July 6, 2017, Appellants filed an Answer to the Preliminary Objections.

On November 15, 2017, the Trial Court sustained Appellees' Preliminary Objections and dismissed Appellants' Complaint with prejudice. In its Pa. R.A.P. 1925(a) Opinion, the Trial Court explained its reasoning as follows:

> [Appellees] responded to [Appellants'] and the neighbor defendants' complaints against each other. Township held hearings concerning alleged violations of Township ordinances and statutes. [Appellants] express dissatisfaction with the results of the officials' actions regarding [Appellants'] disputes with the other defendants. [Appellants] do not allege any violation of any standard of conduct, statute, or law by [Appellees]. [Appellants] do not contend that the officials deprived them of any rights or privileges. Furthermore, [Appellants] did not set forth any cognizable cause of action against either the Township or its officials. For these reasons, this court sustained [Appellees'] [P]reliminary [O]bjections and dismissed the causes of action against them.
>
> . . .

4

. . . [Appellees] did not cause any injury to [Appellants]. They simply conducted official business that did not satisfy [Appellants] or did not accomplish the goals [Appellants] wanted.

Trial Ct. Op., 3/20/18, at 1-2, 4-5. Appellants now appeal to this Court.

## Issues

(1) Did the Trial Court abuse its discretion in sustaining Appellees' Preliminary Objections?

(2) Did Appellants allege sufficient facts to overcome dismissal of their Complaint in violation of their constitutional rights?

## Analysis

Our Court has explained the applicable standard and scope of review as follows:

> When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. Preliminary objections may be sustained when, based on the facts pled, it is clear that the plaintiff will be unable to establish a right to relief. All well-pled material facts alleged in the complaint, and the inferences fairly deducible therefrom, must be accepted as true. However, conclusions of law, argumentative allegations, expressions of opinion and unwarranted inferences need not be accepted.

*Young v. Estate of Young*, 138 A.3d 78, 84-85 (Pa. Cmwlth. 2016) (internal citations omitted).

### 1. Official Oppression

In Counts III, IV, V, VII, and VIII of the Complaint, Appellants asserted causes of action for "official oppression" against Mr. Viola, Ms. Conrad, Mr. Stauffer, Mr. Labe, and Mr. Karver. Pennsylvania's official oppression statute, which appears in the Crimes Code, states:

5

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity *commits a misdemeanor of the second degree* if, knowing that his conduct is illegal, he:

> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

> (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa. C.S. § 5301 (emphasis added).

Our appellate courts have determined that the crime of official oppression cannot be the basis for civil liability against public officials. *See Wilson v. Marrow*, 917 A.2d 357, 365 n.9 (Pa. Cmwlth. 2007) ("[O]fficial oppression is a state criminal offense. Pennsylvania's official oppression statute does not give rise to a private cause of action.") (internal citation omitted); *see also D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. 2000) ("Without some indication in [Section] 5301 [of the Crimes Code] that the legislature contemplated a private right of action for acts of official oppression, we are . . . reluctant to create one."). Therefore, we conclude that Appellants failed to state a cognizable claim of "official oppression" against Mr. Viola, Ms. Conrad, Mr. Stauffer, Mr. Labe, and Mr. Karver.

## 2. Conflict of Interest

In Count V of the Complaint, Appellants also asserted a cause of action for "conflict of interest" against Mr. Karver. Pennsylvania law, however, does not recognize a common law tort claim against a public official for "conflict of interest." Rather, such claims fall within the purview of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. §§ 1101-1113. Section 1103(a) of the Ethics Act states that "[n]o public official or public employee shall engage in conduct that constitutes a conflict of interest." 65 Pa. C.S. § 1103(a). As the Township Solicitor, Mr. Karver is a public employee covered by the provisions of the Ethics Act. *See P.J.S. v. Pa. State*

*Ethics Comm'n*, 697 A.2d 286, 291 (Pa. Cmwlth. 1997) (*en banc*), *aff'd*, 723 A.2d 174 (Pa. 1999).

The Ethics Act defines "conflict of interest" as a public official's use of the authority of his office to obtain a *private pecuniary benefit* for himself, a member of his immediate family, or a business with which he or a member of his immediate family is associated. 65 Pa. C.S. § 1102. Here, Appellants did not allege that Mr. Karver used his public office to obtain any pecuniary gain; they merely averred that his "conflict of interest" resulted in the Pollocks' operation of an unlicensed day care center. Compl. ¶ 73. Thus, Appellants failed to state a conflict of interest claim under the Ethics Act.[3]

Appellants also failed to plead any facts to support a cause of action for breach of fiduciary duty with regard to Mr. Karver's representation of Mr. Filby in private matters. *See Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992) (stating that attorneys may be civilly liable for engaging in conduct, such as conflicts of interest, that violates their fiduciary duties to their clients). Appellants simply alleged, without any further explanation, that Mr. Filby's "prior history with [Mr.] Karver coupled with the experience with [Mr.] Karver's law firm amount to an unavoidable conflict of interest." Compl. ¶ 71.

Therefore, we conclude that Appellants failed to state a cognizable claim of "conflict of interest" against Mr. Karver.

### 3. Due Process

In their briefs filed with this Court, Appellants contend that Appellees violated their procedural due process rights. Appellants' Br. at 25-28. Specifically, Appellants

---

[3] In any event, the Ethics Act is administered and enforced by the State Ethics Commission. *See* 65 Pa. C.S. §§ 1101.1(c), 1107. An individual may initiate a legal inquiry into a public official's alleged conflict of interest by filing a complaint with the State Ethics Commission. 65 Pa. C.S. § 1108(a).

7

claim that the "Township has infringed upon their rights to their Property, by attempting to control the activity at the Property and issuing citations based on known false statements." Appellants' Reply Br. at 15. Appellants argue that their "asset in their Property has been wrongfully seized, without due process, and without proper notice." *Id.* at 16.

In their Complaint, however, Appellants did not plead a due process violation, nor did they allege any facts to support their claim, made for the first time on appeal, that Appellees violated their procedural due process rights. Rather, Appellants baldly alleged that Ms. Davidson did not receive various Township "fines, notices and letters" regarding the Property. Compl. ¶¶ 24, 31. Importantly, Appellants admitted that Ms. Davidson did receive at least two Notices of Violation from the Township. *Id.* ¶¶ 23, 27. Appellants also attended several Township meetings, at which Ms. Davidson offered public comments regarding the alleged zoning infractions. *Id.* ¶¶ 34-39, 41.[4]

Apparently recognizing the deficiencies in their Complaint, Appellants ask this Court to "liberally construe" the Complaint because of their *pro se* status. Appellants' Reply Br. at 6, 14. While it is true that *pro se* pleadings should be construed liberally, "a *pro se* litigant is not to be given any particular advantage because of his lack of knowledge of the law." *Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987). It is well settled that

---

[4] Our Court has stated:

> The Rules of Civil Procedure allow a plaintiff to file more than one cause of action against the same defendant. Pa. R.C.P No. 1020. Each claim, however, must be presented in a self-sufficient separate count, which includes averments of facts pertaining to the particular claim and relief sought. *Id.*

*Com. v. Parisi*, 873 A.2d 3, 9 (Pa. Cmwlth. 2005).

[b]lind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery. Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the *prima facie* elements of the tort or torts alleged.

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1025 (Pa. Cmwlth. 2014) (quoting *Feingold v. Hill*, 521 A.2d 33, 38 (Pa. Super. 1987)). Here, we are unable to discern, on the face of Appellants' Complaint, what due process violations Appellees purportedly committed.

## Conclusion

In sum, Appellants simply did not plead facts that, if accepted as true, established their right to relief under any of the causes of action asserted against Appellees. Accordingly, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward L. Filby, Elizabeth L. Davidson, : 
                Appellants :

v. : No. 312 C.D. 2018

:

Colebrookdale Township and Jeffery :
Karver Individually and in his capacity :
as Township Solicitor for Colebrookdale :
Township and Cindy Conrad :
Individually and her capacity as :
Township Manager for Colebrookdale :
Township and David Viola Individually :
and in his capacity as Police Chief of :
Colebrookdale Township and Allan :
Stauffer Individually and in his capacity :
as Zoning Officer of Colebrookdale :
Township and Paul Labe Individually :
and in his capacity as Zoning Officer :
of Colebrookdale Township c/o LTL :
Consultants and David Pollock and :
Dorothy Pollock and Michael Hanley :
and Diane Hanley and Rick Rife and :
Darla Rife and John Schrack and :
Elizabeth Schrack and Russell Mohr :
and Sally Mohr and Sherman Home :
Improvement :

# O R D E R

AND NOW, this 30th day of October, 2018, the Order of the Berks County Court of Common Pleas, dated November 15, 2017, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge