# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shannon McGrath,  :
                    Appellant  :
  :
        v.  :    No. 884 C.D. 2020
  :    Submitted: April 9, 2021
Bureau of Professional  :
and Occupational Affairs,  :
State Board of Nursing  :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON**         **FILED: August 10, 2021**


Shannon McGrath (McGrath), *pro se*, appeals from an order of the Court of Common Pleas of Dauphin County (trial court), which sustained the Bureau of Professional and Occupational Affairs, State Board of Nursing's (Nursing Board) preliminary objection in the nature of a demurrer for improper service of a complaint in civil action (Complaint) on the Nursing Board and the Attorney General[1] and dismissed her complaint with prejudice. McGrath contends that the trial court erred because she effected proper service and the Nursing Board had withdrawn its objection for improper service. For the following reasons, we reverse the trial

---

[1] Pursuant to Section 8523(b) of the Judicial Code, 42 Pa. C.S. § 8523(b), McGrath was required to serve the Complaint on the Office of Attorney General in addition to the Nursing Board.

court's order and remand the matter for further proceedings, including consideration of the remaining preliminary objections.

On November 21, 2019, McGrath filed the Complaint against the Nursing Board, alleging that the Board erroneously interpreted The Professional Nursing Law (Nursing Law)[2] to require that a mandatory 10-year suspension of her professional nursing license be automatically imposed due to her 2013 felony drug conviction under The Controlled Substance, Drug, Device and Cosmetic Act.[3] McGrath averred that, as a result of this error, she underwent protracted litigation before both this Court and the Pennsylvania Supreme Court. Ultimately, an en banc panel of this Court ruled partially in her favor,[4] and the Supreme Court affirmed, agreeing that the Nursing Board erred in interpreting the Nursing Law to require that McGrath's nursing license could be automatically suspended for a mandatory period of 10 years before she could request reissuance of her license.

In her Complaint, McGrath claimed that the Nursing Board's error "deprived [her] of her property, resulting in the deprivation of her livelihood and happiness." (Original Record (O.R.), Item No. 1 ¶ 12.) She brought claims for negligence, gross negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress, and sought compensatory and punitive damages.

---

[2] Act of May 22, 1951, P.L. 317, *as amended*, 63 P.S. §§ 211-225.5.

[3] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to -144.

[4] In 2015, McGrath filed a petition for review of a Nursing Board's order that automatically suspended her registered nurse license for a mandatory period of 10 years based on her 2013 felony drug conviction. *McGrath v. Bureau of Pro. & Occupational Affs., State Bd. of Nursing*, 146 A.3d 310 (Pa. Cmwlth. 2016) (en banc), *aff'd*, 173 A.3d 656 (Pa. 2017). We affirmed the Nursing Board's authority to automatically suspend McGrath's nursing license for a felony drug conviction but reversed its determination that the Nursing Law automatically required a 10-year license suspension.

2

On December 10, 2019, the Nursing Board, represented by the Office of Attorney General, filed preliminary objections to the Complaint. The Nursing Board demurred on three bases: (1) McGrath failed to properly serve both the Nursing Board and the Attorney General; (2) McGrath failed to state a claim upon which relief can be granted; and (3) punitive damages are not recoverable against a Commonwealth party. Specifically, as to service, the Nursing Board claimed that McGrath improperly served the Nursing Board by mail and did not serve the Attorney General at all. The Nursing Board thus requested that the trial court dismiss the Complaint with prejudice based on McGrath's failure to effectuate proper service or, in the alternative, direct that she properly serve both the Nursing Board and the Attorney General. McGrath filed an answer, generally denying the preliminary objections and asking that they be overruled. As to service, McGrath responded that the sheriff hand-delivered the Complaint to the Nursing Board on December 2, 2019, and also hand-delivered the Complaint to the Attorney General on December 16, 2019.[5]

On January 14, 2020, the Nursing Board filed a brief in support of its preliminary objections. Therein, it withdrew its preliminary objection based on improper service, conceding that McGrath had, in fact, properly served a copy of the Complaint on both the Nursing Board and the Attorney General within 30 days of filing her Complaint.[6] Notwithstanding the withdrawal, by order dated March 31, 2020, the trial court overruled the preliminary objection based on improper service with the direction that McGrath properly serve a copy of the

---

[5] The Affidavit of Service indicates that a constable served the Attorney General on December 17, 2019. (O.R., Item No. 13; McGrath's Response, Ex. B.)

[6] McGrath filed a brief in opposition to the preliminary objections, in which she addressed the Nursing Board's two remaining preliminary objections. (O.R., Item No. 8.)

3

Complaint on the Nursing Board and the Attorney General in accordance with Section 8523(b) of the Judicial Code and Pennsylvania Rule of Civil Procedure 422. The trial court's order also instructed that, in the event McGrath failed to properly serve the Complaint, the Nursing Board shall renew its preliminary objection for improper service.

On August 21, 2020, the Nursing Board filed a motion to renew its preliminary objection based on improper service, asserting that McGrath had yet to properly serve the Nursing Board or the Attorney General with the Complaint. As a result, the trial court issued an order on August 26, 2020, sustaining the preliminary objection based on improper service and dismissing McGrath's Complaint with prejudice.

On August 27, 2020, McGrath filed a response to the motion to renew the preliminary objection for improper service, claiming that the sheriff served a copy of the Complaint on the Nursing Board on December 2, 2019, and that a constable served a copy of the Complaint on the Attorney General on December 17, 2019. In support, she attached a Sheriff's Return, signed by the Dauphin County Sheriff on December 2, 2019, indicating that service was made on the Nursing Board on that date, and an Affidavit of Service signed by a York Springs Borough constable, indicating that service was made on the Attorney General on December 17, 2019.

On September 8, 2020, the Nursing Board filed an amended motion to renew its preliminary objections, acknowledging that McGrath had in fact properly served a copy of her Complaint on both the Nursing Board and the Attorney General. As such, it withdrew its preliminary objection as to improper service and requested that the trial court rule on the remaining preliminary objections. By order dated

4

September 11, 2020, the trial court ruled that the Nursing Board's amended motion was moot because the court previously dismissed the Complaint with prejudice.[7]

McGrath appealed to this Court.[8] Thereafter, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), acknowledging that it inadvertently overlooked the Nursing Board's withdrawal of its preliminary objection based on improper service on January 14, 2020. (O.R., Item No. 18.) The trial court explained that, as a result, it entered an order requiring McGrath to properly serve the Nursing Board and the Attorney General; however, neither party informed the trial court that the order was in error. It further explained that the Nursing Board then complicated matters by filing a motion to renew its preliminary objection for improper service, advising that approximately five months had passed since the order was filed and that McGrath had yet to effect service. As a result of McGrath's perceived failure to comply with its order, the trial court dismissed the case. Thereafter, McGrath submitted evidence that service was properly made, and the Nursing Board filed an amended motion to renew its preliminary objections, acknowledging that McGrath had properly served it and the Attorney General. The trial court confessed that it erred in overlooking the Nursing Board's acknowledgment of proper service and instead dismissed the amended motion as moot. As a result, the trial court requests that this Court reverse its August 26, 2020 order, reinstate the Complaint, and remand the matter for consideration of the remaining preliminary objections.

---

[7] On September 16, 2020, McGrath filed a motion for reconsideration, but the trial court denied it because it did not conform with Dauphin County Local Rule 205.2(a)(3) (requiring attachment of proposed order and distribution legend). (O.R., Item Nos. 16-17.)

[8] "When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary." *Young v. Est. of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016).

5

Before this Court, McGrath raises essentially one issue. She argues that the trial court abused its discretion and/or erred as a matter of law by overlooking the Nursing Board's withdrawal of its preliminary objection based on improper service in its January 14, 2020 brief in support of its preliminary objections. Further, she asserts that the record established that the Nursing Board and the Attorney General were properly served months before the trial court dismissed the Complaint for lack of service.

In its brief, the Nursing Board concedes that the trial court erred in dismissing McGrath's Complaint based on improper service. It acknowledges that McGrath had the Dauphin County Sheriff personally serve the Complaint on the Nursing Board on December 2, 2019, and a constable personally serve the Attorney General on December 17, 2019. As a result, it withdrew its preliminary objection for improper service on January 14, 2020, but, unfortunately, the trial court overlooked the withdrawal and entered an order directing McGrath to properly effect service. Mistakenly believing that McGrath had not complied with the trial court's order, the Nursing Board states that it sought dismissal of the Complaint. After the trial court dismissed the Complaint, the Nursing Board learned that McGrath had filed her response to the motion to renew the preliminary objections earlier that same day, asserting that she had properly effected service. The Nursing Board then filed an amended motion to address the issue, but the trial court dismissed the amended motion as moot because the case had already been dismissed. As such, the Nursing Board acknowledges that the trial court's order dismissing the Complaint constitutes error and asserts that we should reverse the trial court and remand the matter for consideration of the remaining preliminary objections.

6

Section 8523(b) of the Judicial Code provides that "[s]ervice of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General." In addition, Pennsylvania Rule of Civil Procedure 422(a) provides as follows:

> (a) Service of original process upon the Commonwealth or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.

In this case, the parties and the trial court agree that the trial court erred in sustaining the preliminary objection for improper service and dismissing the Complaint with prejudice. Indeed, the record contains the Sheriff's Return establishing that the Complaint was hand-delivered to the Nursing Board at its business address on December 2, 2019, and the constable's "Affidavit of Service by Personal Service" establishing that the Complaint was also hand-delivered to the Attorney General at its business address on December 17, 2019. (O.R., Item No. 13; McGrath's Response, Exs. A & B.) Accordingly, McGrath has shown that she properly served both the Nursing Board and the Attorney General and that the trial court's order sustaining the Nursing Board's preliminary objection based on improper service and dismissing the Complaint with prejudice was thus in error.

For the above reasons, the order of the trial court is reversed, the Complaint is reinstated, and this matter is remanded to the trial court for further proceedings, including consideration of the remaining preliminary objections.

P. KEVIN BROBSON, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shannon McGrath, : 
            Appellant : 
             : 
        v. :   No. 884 C.D. 2020
             : 
Bureau of Professional : 
and Occupational Affairs, : 
State Board of Nursing : 

# **O R D E R**

AND NOW, this 10th day of August, 2021, the order of the Court of Common Pleas of Dauphin County (trial court), dated August 26, 2020, is hereby REVERSED, the Complaint in Civil Action filed by Shannon McGrath against the Bureau of Professional and Occupational Affairs, State Board of Nursing is REINSTATED, and the matter is REMANDED to the trial court for further proceedings in accordance with the attached opinion.

    Jurisdiction relinquished.

 

P. KEVIN BROBSON, President Judge