# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Coppola, Jr.,  :
               Appellant  :
                         :
             v.  :
                         :
Commonwealth of Pennsylvania,  :
Department of Transportation,  :  No. 687 C.D. 2021
Bureau of Motor Vehicles  :  Submitted: March 25, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED:  August 29, 2022

Richard J. Coppola, Jr. (Coppola) appeals, pro se, from the Bucks County Common Pleas Court's (trial court) May 11, 2021 order sustaining the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles' (DOT) Preliminary Objections to Coppola's First Amended Complaint (Amended Complaint) and dismissing the Amended Complaint with prejudice. Essentially, Coppola presents five issues for this Court's review:[1] whether the trial

---

[1] Coppola's brief does not contain the requisite Statement of Questions Involved. Pennsylvania Rule of Appellate Procedure (Rule) 2111(a)(4) requires that an appellant's brief contain, *inter alia*, a "[s]tatement of the questions involved." Pa.R.A.P. 2111(a)(4). Rule 2116(a) mandates, in relevant part:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the

court erred, abused its discretion, denied Coppola's due process rights and right to access to the courts, and prejudiced him by: (1) sustaining DOT's boilerplate and unsupported Preliminary Objections and dismissing the case with prejudice in the face of DOT's admission of fault and liability; (2) violating the Code of Judicial Conduct (Code), and demonstrating bias, animus, and discrimination against Coppola; (3) ignoring Coppola's concern for his health and safety, and conducting in-person, rather than remote hearings; (4) dismissing the case with prejudice before Coppola could conduct discovery to prepare and support his case, and failing to weigh the relevance of Coppola's motions, requests, and exhibits that would have led to admissible evidence of DOT's misconduct and his damage recovery; and (5) dismissing the case with prejudice despite that original service was properly made on DOT. After review, this Court affirms.

### Background

The facts in this case are undisputed. Coppola sent DOT a $17.00 check to maintain the vehicle registration on his 2018 Load Rite trailer. By May 1, 2020 notice, DOT informed Coppola that his bank had returned the check as uncollectable because Coppola's Wells Fargo branch account had been sold. DOT also assessed a return check penalty.

By May 11, 2020 letter, Coppola explained to DOT that his bank had not received the subject check for processing and, perhaps, DOT input an incorrect routing number. Coppola also requested copies of the front and back of the subject

court or government unit agreed, disagreed, did not answer, or did not address the question.

Pa.R.A.P. 2116(a). Although "an appellant's violations of the [Rules] may result in waiver of the issue[s,]" *Interest of N.B.*, 260 A.3d 236, 241 n.6 (Pa. Super. 2021), where Coppola fixed other errors about which this Court made him aware, this Court will nevertheless address what it gleans as Coppola's issues presented, as the trial court addressed and both Coppola and DOT argued in their briefs to this Court.

2

check.  In its May 20, 2020 response, DOT declared: "WE DIDN[']T MAKE AN ERROR. THE CUSTOMER BANK BRANCH WAS SOLD.  PLEASE GET AT [SIC] BANK LETTER IF THE BANK MADE AN ERROR."  Coppola Amended Complaint Ex. 3.  On May 27, 2020, Coppola responded that DOT's claim was absurd, and he again requested copies of both sides of the subject check.  On June 13, 2020, DOT issued an Official Notice to Coppola stating that, because his financial institution failed to clear his check due to insufficient funds, his vehicle registration was suspended effective that day (Official Notice).

**Statutory Appeal**

Coppola appealed from the Official Notice to the trial court (Docket No. 2020-2562).  On June 18, 2020, the trial court scheduled a hearing for August 20, 2020.  Coppola served interrogatories and a request for production of documents on DOT.  On June 26, 2020, Coppola filed a motion to continue the hearing.

On July 23, 2020, Coppola filed a motion to compel DOT's answers/responses to his discovery requests, which DOT opposed.  On July 22, 2020, DOT's assistant counsel Shannon M. Vecchio, Esquire (Counsel) emailed Coppola stating that, although pre-trial discovery does not apply to statutory appeals like this one, she was supplying certified documents, including the subject check. Upon his review, Coppola discovered that DOT processed his check under PNC bank identification number 031000**053**, when his Wells Fargo bank identification number was 031000**503**.

On August 7, 2020, Counsel emailed Coppola to memorialize her conversation with him earlier that week, during which she admitted that DOT had made an error while inputting his check, DOT waived the return check fee, and "the client" could not waive the statutorily mandated $17.00 registration fee, but DOT would rescind the suspension (pending his appeal) once he repaid the $17.00

3

registration fee.[2]  Supplemental Reproduced Record (S.R.R.) at 427b.  Counsel also stated that DOT was reviewing its payment and investigation processes to avoid such errors in the future.  On September 14, 2020, the trial court denied Coppola's motion to compel.

On September 1, 2020, DOT administratively rescinded Coppola's suspension and reinstated his vehicle registration.  At a November 23, 2020 *de novo* appeal hearing,[3] the trial court dismissed the appeal as moot because DOT had already rescinded Coppola's suspension.  Although the appeal was resolved in his favor, Coppola was dissatisfied that he could not obtain discovery and he believed he was entitled to damages for DOT's error, so he filed a motion for reconsideration on November 25, 2020, which the trial court denied on December 2, 2020.

On January 4, 2021, Coppola appealed from the trial court's order to this Court (Pa. Cmwlth. No. 1297 C.D. 2020).  On August 24, 2021, DOT filed a motion to dismiss Coppola's appeal because Coppola had been afforded the relief he requested (i.e., rescission of the registration suspension).  On August 27, 2021, this Court dismissed Coppola's appeal as moot.

**Civil Action**

On August 11, 2020, Coppola filed a complaint in the trial court (Docket No. 2020-4010), wherein he asserted that DOT's failure and refusal to investigate and resolve its check input error was negligent and/or willful, DOT's issuance of the Official Notice was malicious under the circumstances, and DOT cannot hide behind a shield of immunity in the face of such abhorrent behavior. Coppola demanded $50,000.00 in damages, plus expenses, costs of suit, attorney's

---

[2] DOT explained that because Coppola received a supersedeas of the suspension, he was permitted to continue normal use of the vehicle until the suspension was rescinded.  *See* DOT Br. at 14.

[3] Coppola did not attend the hearing.

4

fees, and $190.80 per hour for lost wages, plus other consequential damages and interest. On August 15, 2020, DOT filed preliminary objections to Coppola's complaint, to which Coppola filed a response on August 19, 2020.

Thereafter, Coppola served additional discovery requests upon DOT. On September 19, 2020, Coppola notified Counsel by email of his intent to take her deposition. On September 21, 2020, Coppola filed a motion to compel DOT to respond to his discovery requests. On September 22, 2020, Counsel informed Coppola that, as an attorney in the matter, she was not authorized to submit to a deposition. On September 23, 2020, Coppola filed a notice of his intention to take Counsel's deposition on October 8, 2020, by Zoom, and for Counsel to identify: (1) all DOT employees who took part in the investigation of this matter; (2) all DOT employees who communicated and/or replied to his May 11 and May 27, 2020 letters; (3) all DOT employees who replied to him through DOT's May 1, 2020 Return Check Notice; (4) all DOT employees who replied on May 1, 2020, that DOT did not commit an error; and (5) all individuals Counsel identified as "the client" in her August 7, 2020 email.

On October 1, 2020, DOT filed a motion to quash the subpoena for Counsel's deposition and requested a protective order (Motion to Quash). On October 6, 2020, the trial court issued a Rule to Show Cause. On October 7, 2020, Coppola filed an answer to the Motion to Quash. Neither party filed the requisite praecipe for the trial court to decide the Motion to Quash.

On November 17, 2020, the trial court sustained DOT's preliminary objections and dismissed the original complaint, but allowed Coppola to file an amended complaint within 20 days. On November 30, 2020, Coppola filed the Amended Complaint.

On December 17, 2020, DOT filed the Preliminary Objections to the Amended Complaint on substantially the same grounds as the preliminary objections

5

to Coppola's original complaint, arguing that the Amended Complaint, *inter alia*, was virtually identical to the original complaint that was previously determined to lack merit, and that the Amended Complaint failed to state a valid claim against DOT because DOT was immune from suit.[4] DOT added a request that the trial court dismiss Coppola's Amended Complaint with prejudice. On December 18, 2020, Coppola filed preliminary objections to DOT's Preliminary Objections.

On February 12, 2021, DOT filed a praecipe for the trial court to rule on the Preliminary Objections and Coppola's preliminary objections thereto. On March 23, 2021, Coppola also filed a praecipe for the trial court to rule on the Preliminary Objections. On May 13, 2021, the trial court sustained DOT's Preliminary Objections and dismissed Coppola's Amended Complaint with prejudice. Coppola appealed to this Court.[5]

On August 13, 2021, the trial court directed Coppola to file a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement). Coppola filed his Rule 1925(b) Statement on August 26, 2021. *See* Coppola Br. Attachment D. On October 20, 2021, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion). *See* Coppola Br. Attachment F.

## Discussion

> In reviewing preliminary objections, the [C]ourt must accept well-pleaded facts as true. Preliminary objections are only sustained in cases that are free from doubt and when it appears with certainty that the law permits no recovery under the allegations made. A preliminary objection in the nature of a demurrer presents a question

---

[4] "Sovereign immunity is an affirmative defense which ordinarily should be raised as new matter, but may be raised in preliminary objections when to delay a ruling thereon would serve no purpose." *Stackhouse v. Pa. State Police*, 892 A.2d 54, 60 n.7 (Pa. Cmwlth. 2006).

[5] "Our review of a trial court's order sustaining preliminary objections and dismissing a complaint determines whether the trial court committed an error of law or abused its discretion." *Circle of Seasons Charter Sch. v. Nw. Lehigh Sch. Dist.*, 273 A.3d 23, 28 n.7 (Pa. Cmwlth. 2022).

of law; thus, our standard of review is *de novo* and our scope of review is plenary.

*Circle of Seasons Charter Sch. v. Nw. Lehigh Sch. Dist.*, 273 A.3d 23, 28 n.7 (Pa. Cmwlth. 2022) (citations omitted).

Preliminarily, in its Rule 1925(a) Opinion, the trial court declared:

Coppola failed to provide a concise statement as defined under [Rule] 1925[(b)]. The [Rule 1925(b)] Statement is void of structure, clear statements of errors, and case law support for his position.

To the extent possible, the trial court has gleaned from the "[Rule 1925(b) S]tatement" that Coppola avers the [trial c]ourt erred when it,

1. violated to [sic] Code of Conduct for Judges and showed actual bias, discrimination, prejudice, impropriety, or lack of impartiality in deciding this case;

2. abused its discretion and prejudiced Coppola in failing to hold hearings remotely;

3. issued a final order before Coppola completed discovery; [and]

4. sustained []DOT's Preliminary Objections to Coppola's Amended Complaint.

. . . .

. . . First, this [trial c]ourt must address the following issues which are potentially fatal to this appeal[: sovereign immunity, one basis on which the trial court had previously determined that Coppola's original complaint failed to state a claim upon which relief may be granted].

Trial Ct. Rule 1925(a) Op. at 4.

Coppola argues that the trial court erred, abused its discretion, denied Coppola's due process rights and his right to access the courts, and prejudiced him by sustaining DOT's boilerplate and unsupported Preliminary Objections and

dismissing the Amended Complaint with prejudice in the face of DOT's admission of fault and liability.

In the Amended Complaint, as in his original complaint, Coppola asserted that, despite his representation that his check *was* collectable because his bank branch *had not been sold*, DOT willfully refused to respond to his requests for DOT to correct its error or provide him with a copy of the check so he could resolve the issue, declared that DOT had not made an error, and issued the Official Notice suspending his registration. *See* Amended Complaint ¶¶ 4-9 (S.R.R. at 142b-143b). Coppola contended that DOT's refusal to conduct a simple investigation was negligent, wrongful, and an abuse of power. *See* Amended Complaint ¶¶ 23-27 (S.R.R. at 148b-150b). Coppola avowed that "[]DOT chose to maliciously prosecute and punish [Coppola] with [its] suspension with the clear intent to damage and harm [Coppola]." Amended Complaint ¶ 26 (S.R.R. at 149b-150b). Coppola also declared that DOT's refusal to respond to his discovery requests was an effort to conceal its abhorrent and illegal conduct. *See* Amended Complaint ¶ 21 (S.R.R. at 145b). Finally, Coppola also averred that sovereign immunity does not shield DOT from liability for willful misconduct, fraud, or malice, particularly when DOT admitted fault. *See* Amended Complaint ¶ 28 (S.R.R. at 150b-151b).

### 1. Sovereign Immunity

In the Preliminary Objections, DOT challenged Coppola's Amended Complaint, *inter alia*, on the basis that DOT enjoys immunity from his claims.

Article I, section 11 of the Pennsylvania Constitution declares:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in

such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, § 11.

> Pursuant to section 11 of [a]rticle I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310.

In Section 8522 of what is commonly referred to as the Sovereign Immunity Act,[6] the General Assembly expressly waived sovereign immunity for Commonwealth parties in limited cases. *See* 42 Pa.C.S. § 8522. Section 8522 of the Sovereign Immunity Act provides:

> **(a) Liability imposed.--**The General Assembly, pursuant to section 11 of [a]rticle I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in [S]ection 8528 [of the Judicial Code, 42 Pa.C.S. § 8528] (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.
>
> **(b) Acts which may impose liability.--**The following acts by a Commonwealth party may result in the imposition of

---

[6] 42 Pa.C.S. §§ 8521-8527.

liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: (1) Vehicle liability.--The operation of any motor vehicle in the possession or control of a Commonwealth party. . . . [;] (2) Medical-professional liability. . . . [;] (3) Care, custody or control of personal property.--The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . [;] (4) Commonwealth real estate, highways and sidewalks. . . . [;] (5) Potholes and other dangerous conditions. . . . [;] (6) Care, custody or control of animals. . . . [;] (7) Liquor store sales. . . . [;] (8) National Guard activities. . . . [;] (9) Toxoids and vaccines. . . . [;] [and] (10) Sexual abuse. . . .

42 Pa.C.S. § 8522 (text emphasis omitted). Accordingly,

"[t]o impose liability on a Commonwealth party, (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, **and** (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of . . . the Sovereign Immunity Act.[7]

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (emphasis added); *see also LaChance v. Michael Baker Corp.*, 869 A.2d 1054 (Pa. Cmwlth. 2005); *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751 (Pa. Cmwlth. 1996).

Section 8501 of the Judicial Code defines "Commonwealth party" as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. "[DOT] has been recognized as a Commonwealth agency for purposes of the Sovereign Immunity Act." *Mullin v. Dep't of Transp.*, 870 A.2d 773, 779 n.4 (Pa. 2005).

---

[7] "Because of our General Assembly's clear intent to insulate government from exposure to tort liability, courts must strictly construe the exceptions to sovereign immunity." *Manning v. Dep't of Transp.*, 144 A.3d 252, 256 (Pa. Cmwlth. 2016).

> Th[erefore], when an employee of a Commonwealth agency, such as a [DOT] employee, is acting within the scope of his or her duties, the employee is shielded by the doctrine of sovereign immunity from liability for tort claims arising from negligent acts that do not fall within the statutory exceptions listed in Section 8522(b) of the Sovereign Immunity Act. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8522(a)-(b).

*Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017).

"To state a negligence claim [in the first instance], 'the plaintiff must demonstrate that the defendant owed a **duty of care** to the plaintiff, the defendant **breached** that duty, the breach resulted in **injury** to the plaintiff, **and** the plaintiff suffered an **actual loss or damage**.'" *Young*, 260 A.3d at 289 (emphasis added) (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). Here, while DOT's error in processing Coppola's vehicle registration check and DOT's subsequent delay in recognizing the error and correcting it may have constituted a breach of a duty to take reasonable action in response to Coppola's representations, nowhere in the Amended Complaint does Coppola claim that he was injured by the breach and/or suffered actual loss or damage as a result.[8] In the absence of injury caused by a breach *and* resultant actual loss or damage, Coppola did not and cannot state a valid common law negligence claim against DOT that would satisfy the first prerequisite under Section 8522(a) of the Sovereign Immunity Act to defeat DOT's sovereign immunity defense.[9]

> [B]ecause [Coppola] fail[ed] to meet his initial burden of setting forth a cause of action for negligence against

---

[8] Nor could the trial court or this Court glean such damage from circumstances in which DOT lifted the suspension, and Coppola was not cited for the temporary, erroneous suspension.

[9] *See Coppola v. Dep't of Lab. & Indus., State Workers' Ins. Fund* (Pa. Cmwlth. No. 693 C.D. 2020, filed Aug. 6, 2021) (wherein this Court affirmed the trial court's dismissal of Coppola's complaint with prejudice, in part, because the complaint failed to assert any negligent act that would fall under Section 8522(b) of the Sovereign Immunity Act and, thus, his tort claims were barred by sovereign immunity).

11

[DOT] for which damages would be recoverable, it is not necessary to [further] consider whether any particular exception to [DOT's] immunity is applicable under the circumstances *sub judice*.[10] *See* 42 Pa.C.S. § 8522(a); *see also LaChance* . . . .

*Young*, 260 A.3d at 290.

Moreover, "[u]nder Pennsylvania law, sovereign immunity applies to negligent and intentional torts." *Flagg v. Int'l Union, Sec., Police, Fire Pros. of Am., Local 506*, 146 A.3d 300, 309 (Pa. Cmwlth. 2016). Specifically,

> the doctrine of sovereign immunity bars intentional tort claims [(like malicious prosecution and willful misconduct)] against Commonwealth parties. *See Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007) (affirming the trial court's dismissal of an inmate's intentional tort claim against prison employees, reasoning that where "an employee of a Commonwealth agency [is] acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims"); *La Frankie v. Miklich*, . . . 618 A.2d 1145, 1149 ([Pa. Cmwlth.] 1992) (same).

*Young*, 260 A.3d at 290 n.15. Conversely, if "a Commonwealth employee was not acting within the scope of employment, he cannot claim the affirmative defense of sovereign immunity." *Schell v. Guth*, 88 A.3d 1053, 1067 (Pa. Cmwlth. 2014). This Court has specifically ruled that "conduct constituting . . . actual malice or willful misconduct is considered to be outside [a Commonwealth] employee's scope of

---

[10] Notwithstanding, Coppola did not claim in the Amended Complaint that DOT's conduct fell under any of the statutory exceptions listed in Section 8522(b) of the Sovereign Immunity Act. Further, strictly construing the only potentially applicable exception, "care, custody, or control of personal property," 42 Pa.C.S. § 8522(b)(3), would not apply in this case. *See Bufford* (wherein this Court concluded that, even when DOT was clearly negligent and the licensee suffered injury and damages as a result, DOT's administrative error did not fall under the personal property exception). Thus, even if Coppola had properly pled a valid negligence claim in the Amended Complaint, because he did not and could not allege that DOT's actions fell under any of the exceptions set forth in Section 8522(b) of the Sovereign Immunity Act, he could not satisfy the second waiver prerequisite. *See Young*; *Bufford*.

12

employment for immunity purposes." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013). Therefore, "the issue of whether [DOT's employees were] protected by sovereign immunity depends on whether they were acting within the scope of their employment in [processing Coppola's vehicle registration check, responding to his inquiries, and/or investigating the error]."[11]  *Id.* at 157.

> Under Pennsylvania law, an action falls within the scope of employment if: (1) it is the kind that the employee is employed to perform; (2) it occurs substantially within the job's authorized time and space limits, and; (3) it is motivated at least in part by a desire to serve the employer.

*Flagg*, 146 A.3d at 309.

Here, Coppola's Amended Complaint specified that his references to DOT therein included unnamed employees who "are person(s) who acted on behalf of [DOT] . . . ."  Amended Complaint ¶ 2.  The Amended Complaint is

> devoid of any factual allegations to suggest that [DOT or its employees] engaged in conduct while 'off duty' or outside their obligations as employees of [DOT, nor does the Amended Complaint contain allegations from which to infer such action].  Instead, the [Amended C]omplaint suggests that any purported actions occurred while serving in their respective roles as Commonwealth employees.

*Smart v. Dep't of Corr.* (Pa. Cmwlth. No. 631 C.D. 2017, filed June 27, 2018),[12] slip op. at 12.  Accordingly, sovereign immunity also bars Coppola's intentional tort claims against DOT and/or its employees.

---

[11] "Generally, the scope of [an employee's] employment is a fact question for the jury. Where the facts are not in dispute, however, the question of whether . . . the [employee] is within the scope of his [] employment is for the court."  *Ludwig v. McDonald*, 204 A.3d 935, 943 (Pa. Super. 2019) (quoting *Ferrell v. Martin*, 419 A.2d 152, 155 (Pa. Super. 1980) (citation omitted)).

[12] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures.  210 Pa. Code § 69.414(a).

It is clear on the face of the Amended Complaint that "[e]ach of the . . . claims that [Coppola] assert[ed] . . . are either intentional torts or they do not fall within the exceptions in Section 8522 of the Sovereign Immunity Act that would permit [Coppola] to maintain a suit against [DOT]. 42 Pa.C.S. § 8522(b)." *Paluch*, 175 A.3d at 438. Because sovereign immunity bars Coppola's negligence, willful misconduct, and malicious prosecution claims against DOT, the trial court properly sustained DOT's Preliminary Objections and dismissed Coppola's Amended Complaint on that basis. In light of the fact that the Amended Complaint was nearly identical to his original complaint, and Coppola still failed to allege circumstances to overcome DOT's sovereign immunity defense, the trial court properly dismissed the Amended Complaint with prejudice.

## 2. Trial Court Bias, Animus, Discrimination, and Prejudice

Coppola also contends that the trial court erred by violating the Code, and demonstrating bias, animus, and discrimination against Coppola, who was pro se. In particular, Coppola points to the trial court's refusal to permit argument by Zoom rather than in person, denying his right to discovery, dismissing his case with prejudice, and dismissing his case as frivolous.[13]

Preliminarily, the Pennsylvania Supreme Court has explained:

Under Pennsylvania law, pro se defendants are subject to the same rules of procedure as are represented defendants. *See Commonwealth v. Williams*, . . . 896 A.2d 523, 534 ([Pa.] 2006) (pro se defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find

---

[13] In his brief to this Court, Coppola includes arguments regarding the conduct of the statutory appeal in the trial court. Because Coppola's statutory appeal has been resolved and is not currently before this Court, we will not address it herein.

14

more in a written pro se submission than is fairly conveyed in the pleading.

*Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (italics omitted); *see also Young v. Est. of Young*, 138 A.3d 78 (Pa. Cmwlth. 2016).

Moreover, relative to Coppola's claims that the trial court violated the Code, Pennsylvania courts have explained that the Code merely establishes a norm of judicial conduct without imposing substantive legal duties and, thus, this Court is not the proper forum in which to adjudicate Code violations. *See Reilly by Reilly v. Se. Pa. Transp. Auth.*, 489 A.2d 1291 (Pa. 1985); *see also Tindal v. Workers' Comp. Appeal Bd. (City of Phila.)*, 799 A.2d 219 (Pa. Cmwlth. 2002).

In addition, when Coppola observed circumstances under which he felt the trial court should have recused itself due to bias or impartiality, he was required to ask the trial court to do so. *See Tindal*, 799 A.2d at 223 ("Because recusal is a matter of individual discretion for a judge, a party must normally raise the issue of recusal before a decision has been rendered in a case or that issue will be deemed waived."). Coppola does not state, nor does the record before this Court reflect, any instance in which Coppola made a motion for the trial court judge to recuse. By failing to raise the issue to the trial court in the first instance, Coppola waived the argument.

> However, even if the issue were not waived, [Coppola] has failed to allege facts that would necessitate the trial judge's recusal. "The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Commonwealth v. Druce*, . . . 848 A.2d 104, 108 ([Pa.] 2004); *see also Reilly by Reilly* . . . . "Adverse rulings alone do not, however, establish the requisite bias warranting recusal, especially where the rulings are legally proper." *Commonwealth v. Abu-Jamal*, . . . , 720 A.2d 79, 90 ([Pa.] 1998).

*City of Phila. v. Shih Tai Pien*, 224 A.3d 71, 86 (Pa. Cmwlth. 2019).

15

Finally, Coppola argues that the trial court's conclusion that dismissal of his case was also proper because it was frivolous also reflected the trial court's bias. The trial court ruled:

> Coppola claims the Preliminary Objections were absurd and unsupported. This [trial c]ourt sustained the Preliminary Objections to the Amended Complaint because the Amended Complaint failed to address the legal insufficiencies of the original [c]omplaint. The Amended Complaint was almost identical to the original [complaint].
>
> Coppola's Amended Complaint contained all the same claims this [trial c]ourt previously ruled upon. [Pennsylvania Rule of Civil Procedure (Civil Rule)] 233.1 provides the following:
>
>> [Civil Rule] 233.1 addresses frivolous litigation by pro se plaintiffs. The [Civil] Rule states-
>>
>> (a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that:
>>
>>> (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
>>>
>>> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>>
>> (b) The court may stay the action while the motion is pending.
>>
>> (c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court. [Pa.R.Civ.P. 233.1.]

16

> This [trial c]ourt's November 17, 2020[] [o]rder addressed Coppola's original claims therefore, pursuant to [Civil Rule] 233.1, dismissal with prejudice is proper.

Trial Ct. Rule 1925(a) Op. at 9-10.

> The Comment to Civil Rule 233.1 provides:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New [Civil] Rule 233.1 provides relief to a defendant [that] has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a pro se party.

> Upon the filing of an action by a pro se plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the pro se plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.Civ.P. 233.1, Explanatory Comment (italics omitted).

Coppola refused to correct the original complaint's infirmities with his Amended Complaint. He admits in his brief to this Court: "I had no obligation to materially change my [original c]omplaint . . . [,]" Coppola Br. at 2, and "there were no substantive revisions necessary to be made." Coppola Br. at 19. Where Coppola admits that his Amended Complaint was substantively identical to his original complaint, which is precisely the circumstance that the Supreme Court intended Civil Rule 233.1 to ameliorate, the trial court's determination that the Amended

17

Complaint should be dismissed as frivolous under Civil Rule 233.1 was clearly not based on bias.

Accordingly, the trial court properly determined that Coppola's claims that the trial court violated the Code, or showed actual bias, discrimination, prejudice, impropriety, or lack of impartiality in deciding this case lacked merit.

### 3. Trial Court Hearings

Coppola further asserts that the trial court erred and abused its discretion, denied his due process rights and his rights to access to the courts, and prejudiced him by ignoring his health concerns during the COVID-19 pandemic by forcing him to attend hearings in person despite preexisting health conditions.

The trial court explained:

> Coppola's claims surrounding hearing[s] . . . are irrelevant in this case. Coppola argues this [trial c]ourt was biased and prejudicial and abused it[s] discretion [by] not allowing him to attend hearings remotely. However, there were no hearings scheduled at any point in this instant case. Coppola may have been referring to his statutory appeal against []DOT.

Trial Ct. Rule 1925(a) Op. at 7. Coppola admits in his brief to this Court that the trial court did not conduct hearings relative to the civil proceeding, but claims "THIS trial court ignored [his] request for oral argument by remote [(i.e., by Zoom)]," and cited to Exhibit "CCA-11, Par. 4)[.]"[14] Coppola Br. at 24. However, there is no document marked either CCA-11 or Exhibit 11 in Coppola's Reproduced Record (R.R.), and there is no document behind the Exhibit 11 face sheet in either the

---

[14] Coppola explained in his brief to this Court: "'CCA' Exhibit prefix denotes Commonwealth Court Appeal with the Exhibit number to follow. EX: 'CCA-1'." Coppola Br. at 1.

18

Reproduced Record or Supplemental Reproduced Record. *See* R.R. at 615;[15] S.R.R. at 122b.

In the absence of support for Coppola's contention that the trial court in this civil action refused to allow him to attend oral argument remotely, this Court rules that the trial court properly concluded that Coppola's claims that it erred and abused its discretion by forcing him to attend hearings in person also lacked merit.

### 4. Pre-Trial Discovery/Dismissal With Prejudice

Coppola argues that the trial court erred, abused its discretion, denied him due process and discovery rights, and prejudiced him by ignoring and ultimately dismissing the case with prejudice before he could conduct pre-trial discovery to support his case, prepare for hearings and trial, and assess his monetary and other damages.

The trial court expounded:

In Pennsylvania[,] the trial court is responsible for overseeing discovery between the parties. [*See Rohm & Haas Co. v Lin*, 992 A.2d 132 (Pa. Super. 2010).] Pursuant to [Civil Rule] 4012, a court may, upon motion by a party and for good cause, "make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense." [Pa.R.Civ.P. 4012.] Further, [Civil Rule] 4013 provides that a court may stay or halt all proceedings for good cause. [*See* Pa.R.Civ.P. 4013.]

On September 23, 2020, Coppola filed a Notice of Intent to Take Deposition of [DOT's] Counsel. During this civil action, []DOT's Counsel had confidential communication with her client through communications with []DOT's

---

[15] Rule 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a . . . ." Pa.R.A.P. 2173. Because Coppola's Reproduced Record pages are not numbered at all, the page numbers referenced in this Opinion reflect electronic pagination.

employees. Pursuant to [Section 5928 of the Judicial Code,] 42 Pa.C.S. § 5928, taking an attorney's testimony is prohibited if doing so would violate the attorney-client privilege.

On October 1, 2020, []DOT filed [the] Motion to Quash and for a Protective Order in response to numerous discovery requests. This [M]otion [to Quash] was filed contemporaneously with a Praecipe Under Bucks County Rule [of Civil Procedure [(B.C.R.C.P) No.] 208.3(b).[16] On October 6, 2020, this [trial c]ourt issued a Rule to Show Cause.[FN]24 On October 7, 2020, Coppola filed an Answer to the Motion to Quash but failed to file the necessary praecipe under [B.C.R.C.P. No.] 206.4(c)(4)(a). [FN]25

During the interim, on November 17, 2020, this [trial c]ourt issued an [o]rder sustaining []DOT's [p]reliminary [o]bjections and permitted Coppola to file an [a]mended [c]omplaint within twenty (20) days. [On November 30, 2020,] Coppola filed [the] Amended Complaint which was substantially the same as the original [c]omplaint. [On December 17, 2020,] []DOT filed [the] Preliminary Objections to the Amended Complaint. [On December 18, 2020, Coppola filed preliminary objections to the Preliminary Objections. On February 12, 2021, DOT filed a B.C.R.C.P. No. 208.3(b) praecipe and, on March 23, 2021, Coppola filed a B.C.R.C.P. No. 208.3(b) praecipe. On May 13, 2021, t]his [trial c]ourt issued an [o]rder sustaining the Preliminary Objections and dismissed the Amended Complaint with [p]rejudice.

The interests of justice are furthered by a court order barring discovery until the plaintiff's complaint has been filed, the defendant's preliminary objections to the plaintiff's complaint have been resolved, and the defendant has filed an answer to the complaint.

---

[16] B.C.R.C.P. No. 208.3(b)(1)(a) (Alternative Procedures) states: "Note: See B.C.R.C.P. No[s]. 208.3(a)(2) and 206.4(c)(4)(a)." www. buckscounty.gov/DocumentCenter/View/3552/Rule-2083b?bidId= (last visited Aug. 26, 2022). B.C.R.C.P. No. 208.3(a) specifies, in relevant part: "When the Court issues a rule on a motion, it shall be governed by the provisions of [Civil Rules] 206.5 and 206.7." www.buckscounty.gov/DocumentCenter/View/3553/Rule-2083a?bidId= (last visited Aug. 26, 2022).

20

Therefore, this [trial c]ourt did not deny [d]ue [p]rocess o[r] [p]rejudice Coppola by issuing a final [o]rder sustaining [the] Preliminary Objections and dismissing [his] Amended Complaint.

> [FN]24 The Rule [to Show Cause] ordered: (2) On or before November 2, 2020, [] [DOT] may file a response to [the M]otion [to Quash]; (3) In event o[f] a response, the matter shall be decided under [Civil Rule] 206.7[17] and [B.C.R.C.P. No.] 208.3(b); (4) All discovery and depositions shall cease pending disposition of this [M]otion [to Quash].

> [FN]25 B.C.R.C.P. [No.] 206.4. When a rule is issued and a response is filed in opposition, the petition shall be submitted under B.C.R.C.P. [No.] 208.3(b).

Trial Ct. Rule 1925(a) Op. at 8-9 (footnotes omitted). Thus, before either party sought resolution of the Motion to Quash, DOT *and Coppola* moved for the trial court to rule on the Preliminary Objections, and the trial court sustained the Preliminary Objections, thereby rendering the discovery issue moot.

---

[17] Civil Rule 206.7 provides:

> (a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

> (b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

> (c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

> (d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.Civ.P. 206.7.

Further, this Court has held:

> Where, as here, a defendant files preliminary objections to a plaintiff's complaint in the nature of a demurrer, *see* Pa.R.Civ.P. 1028(a)(4), **the court's review is confined to the content of the complaint and any attachments thereto**. *Thomas v. Corbett*, 90 A.3d 789 (Pa. Cmwlth. 2014). Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law. *Id.*

*Fraternal Ord. of Police Lodge No. 5, by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021) (emphasis added).

Coppola admits that his sole purpose for discovery was to assess his damages:

> The simple admission of fault does not relieve []DOT of [its] subsequent liability from [its] admitted malicious prosecution of [Coppola]. What []DOT'[s] admission does do however is support and set the foundation for [Coppola's] damage[s] claim[] which are permissible by Pennsylvania statute and law which was the basis for [Coppola's civil action] which has been appealed herein.

Coppola Br. at 12. Although Coppola sought damages, nowhere in the Amended Complaint did he aver that DOT's error caused him injury for which he could be entitled to damages.

Moreover,

> [Civil] Rule 1033 . . . [, Pa.R.Civ. P. 1033,] allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. **Leave to amend lies within the sound discretion of the trial court** and "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party."

*Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (emphasis added) (quoting *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 602 (Pa. 1983)). Further, one

22

purpose of Civil Rule 233.1 is to afford trial courts "discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.Civ.P. 233.1, Explanatory Comment (italics omitted).

The trial court in the instant matter reviewed Coppola's allegations in the Amended Complaint and the documents attached thereto and determined, "on the basis of [Coppola's] allegations," the Amended Complaint did not make out any viable claims. *McNesby*, 267 A.3d at 541.

> [A] court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. *See Spain v. Vicente*, . . . 461 A.2d 833, 837 ([Pa. Super.] 1983) (trial court did not err in refusing to permit amendment of defamation complaint to allow more specific details since no formal motion to amend was ever made and plaintiff's deposition militated against likelihood of establishing claim). Thus, [Coppola's] claim must fail.

*Werner*, 681 A.2d at 1338. Accordingly, Coppola's argument that the trial court erroneously dismissed his claims with prejudice before he was afforded pre-trial discovery is meritless.

### 5. Service of Original Process

Finally, Coppola argues that the trial court erred, abused its discretion, denied Coppola's due process rights and right to access to the courts, and prejudiced him by dismissing the case with prejudice despite that original service was properly made on DOT.[18] However, the trial court did not specifically dismiss the Amended Complaint on the basis that Coppola failed to properly serve it on DOT. Moreover, this Court has held that an appellant waives any issue that is not included in his

---

[18] DOT addresses the matter extensively in its brief to the Court. *See* DOT Br. at 20-28. In his brief to this Court, Coppola argues only that he properly served his *Notice of Appeal* and *Rule 1925(b) Statement* on the trial court. *See* Coppola Br. at 19.

23

Statement of Questions Involved and addressed in the Argument portion of his brief. *See Penn Beverage Distrib. Co. v. Workers' Comp. Appeal Bd. (Rebich)*, 901 A.2d 1097 (Pa. Cmwlth. 2006).   Here, Coppola's brief did not contain a Statement of Questions Involved, and he states in the Argument portion of his brief only that he properly served his *Notice of Appeal* and *Rule 1925(b) Statement* on the trial court. *See* Coppola Br. at 19.   Because Coppola failed to argue that the trial court erred by dismissing the case with prejudice despite that original service was properly made on DOT, that issue is waived.

## Conclusion

Based on the foregoing, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard J. Coppola, Jr., | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | No. 687 C.D. 2021 |
| Bureau of Motor Vehicles | : | |

## O R D E R

AND NOW, this 29th day of August, 2022, the Bucks County Common Pleas Court's May 11, 2021 order is affirmed.


_____

ANNE E. COVEY, Judge